FILED & JUDGMENT ENTERED
Steven T. Salata

June 16 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

In re:                              )
                                    )
**LISA BRONIKOWSKI**                )     Chapter 7
**VINCENT BRONIKOWSKI,**            )     Case No. 16-50719
                                    )
                     Debtors.       )
_____ )

### ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

**THIS MATTER** is before the court on the Trustee's Objection to Exemptions ("Objection") filed by the Chapter 7 Trustee on January 17, 2017. The court held a hearing on the Motion on February 10, 2017 and announced its ruling at a hearing on March 10, 2017. Representatives of the Trustee and the Debtors appeared at both hearings. The Objection presents two issues to the court: (1) whether the female Debtor's anticipated bonus from her employer for the 2016 calendar year constitutes property of her bankruptcy estate; and (2) whether the female Debtor can exempt the anticipated bonus from her estate pursuant to North Carolina General Statute § 1-362. For the reasons that follow, the court concludes that the anticipated bonus is not property of the female

Debtor's estate, does not reach the second issue, and overrules the Objection.

The facts relevant to the Objection are not in dispute. The Debtors commenced this case by filing a Chapter 7 voluntary petition on November 11, 2016. The Debtors' original Schedule A/B includes the female Debtor's anticipated bonus with a value of $9500 and the following description:

> Potential bonus from employer. Female debtor's employer may, at their sole discretion (per contract), award a bonus in February of 2017. At the time of filing employer confirmed no award has been determined, and any award if given, will be contingent on overall company performance as well as employee performance, together with being in the sole discretion of the employer. Such performance has not been evaluated, to date. Debtor takes the stance this is an uncertain potential future award, but is listing here in the interest of full disclosure. The remaining 1601(a)(2) exemption has been applied in good faith.

The Debtors' Schedule C includes an exemption in $9470.65 of the anticipated bonus pursuant to North Carolina General Statute § 1C-1601(a)(2). At the Debtors' § 341 meeting of creditors, the female Debtor testified that she received a bonus of $30,000 in 2016 (for the 2015 calendar year). The Debtors filed a No Protest Motion to Amend Exemptions ("Motion") on January 16, 2017 and amended the Motion on January 19, 2017. The Motion notes that the Trustee took an "unexpected, alternate position" about the anticipated bonus at the § 341 meeting and says the anticipated bonus is "wholly exempt under North Carolina law" (without any further

detail or support) if it constitutes property of the female Debtor's bankruptcy estate.

On January 30, 2017, the Debtors filed an amended Schedule A/B listing the value of the anticipated bonus as unknown. The amended Schedule A/B describes the anticipated bonus as "Potential Bonus From Female Debtor's Employer — NOT PART OF BANKRUPTCY ESTATE Per KLEIN–SWANSON, 488 BR 628 (B.A.P. 8th Cir., 2013), disclosure made to avoid costly litigation which would hinder debtors' fresh start. See attachment." In the attachment to their amended Schedule A/B, the Debtors argue that the anticipated bonus is not an asset of the female Debtor's estate and repeatedly refer to the bonus as "entirely discretionary."

The Debtors also filed a Response to Trustee's Objection to Exemptions ("Response") on January 30. The Response elaborates on the Debtors' argument about the status of the anticipated bonus, clarifies that the Debtors will seek to exempt the anticipated bonus pursuant to North Carolina General Statute § 1-362 if it is deemed property of the estate, and includes a copy of the 2016 General Plan Provisions ("GPP") governing the female Debtor's employer's bonus program as an attachment. According to the GPP, the employer uses the bonus program to "pay for performance — company, line of business and individual performance." ¶ 2(a). The GPP gives the employer "full and final discretionary authority to interpret and administer the Plan as well as determine the amount, if any, and payment of all incentive bonuses, awards and

other compensation pursuant to the Plan." ¶ 10. The GPP allows the employer to amend, modify, discontinue, or terminate the bonus program at any time, says there is no contract with the employees in relation to bonuses, and provides that participation in the plan in a prior year does not mandate eligibility for a future year. ¶ 14. The GPP states that an employee who no longer works for the employer at the time that the bonuses are awarded "will no longer be eligible to receive any award under the Plan, unless otherwise required by applicable law"; however, former employees who cease to work for the employer for certain reasons (such as death, disability, and retirement) "may remain eligible for consideration for a full or partial award/payment under the Plan, as determined in the sole discretion" of the employer. ¶ 2. The GPP requires employees eligible for awards to comply with all company policies and procedures and allows the employer to revoke an employee's eligibility to receive an award if the employee does not adhere to all performance and compliance obligations. ¶ 9.

The Trustee filed a Memorandum of Law in Support of Trustee's Objection to Exemptions ("Trustee's Brief") explaining her position on this matter on February 3, 2017. The Trustee's Brief argues that the GPP does not require the female Debtor to be employed when her employer issues a bonus, that her job performance does not have to be satisfactory for her to be eligible for a bonus, that the GPP is ambiguous about whether the employer has the discretion to not issue a bonus, and that "the only contingency

4

that must be fulfilled in order for Mrs. Bronikowski to receive the Bonus is her employers' [sic] decision to pay it." Trustee's Brief at 7–9. According to the Trustee, the court should apportion the anticipated bonus based on the amounts earned pre- and post-petition with the pre-petition portion treated as property of the female Debtor's estate. Id. at 9.

As of the February 10 hearing, the female Debtor had not yet received the anticipated bonus, and the court does not know if she subsequently received a bonus or the amount of any bonus that she may have received. At the February 10 hearing, in response to a question from the court, the attorney for the Trustee admitted that he could not estimate a value for the female Debtor's alleged interest in the anticipated bonus as of her petition date and that her alleged interest was not marketable. Neither party nor the court found any applicable law relevant to the female Debtor's entitlement to the anticipated bonus prior to its payment.

The court must look to federal and state law to determine whether the female Debtor's anticipated bonus is property of her bankruptcy estate. A debtor's filing of a bankruptcy petition commences a case and creates an estate. 11 U.S.C. §§ 301(a), 541(a). With certain statutory exceptions not relevant to this matter, a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541. Congress intended the scope of a debtor's estate to be "all embracing," Vogel v. Palmer (In re Palmer), 57 B.R.

332, 333 (Bankr. W.D. Va. 1986) (citing <u>In re Ryan</u>, 15 B.R. 514 (Bankr. D. Md. 1981)); <u>see</u> S. Rep. No. 95-989, at 82 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5868; H.R. Rep. No. 95-595, at 367 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6323 ("The scope of this paragraph [describing property of the estate] is broad."), and to include "all kinds of property, wherever located, tangible or intangible, causes of action, and all other forms of property under former Section 70(a) of the Bankruptcy Act," <u>Vogel</u>, 57 B.R. at 333 (citing H.R. Rep. No. 95-595, at 367—68, *as reprinted in* 1978 U.S.C.C.A.N. 5787, 6323—24). There are limits on the scope of a debtor's estate, however, as § 541 "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case," and a bankruptcy trustee can "take no greater rights than the debtor himself had." S. Rep. No. 95-989, at 82, *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5868; H.R. Rep. No. 95-595, at 367, 368, *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6323. The Trustee has the burden of showing that the anticipated bonus is property of the female Debtor's estate. <u>Seaver v. Klein-Swanson (In re Klein-Swanson)</u>, 488 B.R. 628, 633 (B.A.P. 8th Cir. 2013) (citing <u>DeBold v. Case (In re Tri-River Trading, LLC)</u>, 329 B.R. 252, 263—64 (B.A.P. 8th Cir. 2005), *aff'd*, 452 F.3d 756 (8th Cir. 2006)).

While the (federal) Bankruptcy Code determines what property of a debtor becomes property of his bankruptcy estate, state law determines what constitutes a debtor's property in the first

instance, <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Therefore, the court must determine whether the female Debtor had a property interest in the anticipated bonus under applicable state law on November 11, 2016, the date that the Debtors commenced this case. <u>Mendelsohn v. Gonzalez (In re Gonzalez)</u>, 559 B.R. 326, 331 (Bankr. E.D.N.Y. 2016) ("The critical question here is whether under applicable state law on the date of the bankruptcy filing the debtor possessed a right to demand payment—whether on the petition date or some date in the future on the happening of a specific and defined contingency."); <u>Vogel</u>, 57 B.R. at 333—34 ("Section 541 clearly establishes that the estate is created when the petition is filed. This date is the critical time as of which the property comprising the estate is to be determined and the rights of others connected with the proceeding adjusted." (citing <u>Lockhart v. Garden City Bank & Tr. Co.</u>, 116 F.2d 658 (2d Cir. 1940); 4 COLLIER ON BANKRUPTCY, ¶ 541.04 at 541−22 (15th ed. 1985))). The Bankruptcy Code does include certain property acquired post-petition by Chapter 7[1] debtors in their

---

[1] A bonus received by a Chapter 13 debtor during the pendency of her case would be property of her estate due to Bankruptcy Code provisions specific to Chapter 13. <u>See</u> 11 U.S.C. § 1306(a).

estates.   See § 541(a)(5) (property acquired within 180 days of the petition date from a decedent's estate, as the result of a divorce, or from a life insurance policy); § 541(a)(6) ("[p]roceeds, product, offspring, rents, or profits of or from property of the estate"); § 541(a)(7) (property that the estate acquires post-petition).   The Bankruptcy Code, however, excludes "earnings from services performed by an individual debtor after the commencement of the case" from property of the estate, § 541(a)(6), and the anticipated bonus cannot be property of the female Debtor's estate if the female Debtor did not have a property interest in it on the petition date, Klein-Swanson, 488 B.R. at 637 ("Whether the estate acquired an interest in the award payments begs the question in this appeal; whether the award payments were property of the estate.").   Section 541(a)(5) does not apply to the anticipated bonus, and the anticipated bonus cannot be considered proceeds of estate property pursuant to § 541(a)(6) or otherwise acquired by the estate pursuant to § 541(a)(7) if the estate did not have a property interest in it on the Debtors' petition date.

To determine whether the female Debtor had a property interest in the anticipated bonus on her petition date, the court must distinguish between contingent interests and expectations.   On the one hand, a contingent interest is "[a]n interest that the holder may enjoy only upon the occurrence of a condition precedent." BLACK'S LAW DICTIONARY 885 (9th ed. 2009).   Even though a debtor

holding a contingent interest may not have anything tangible on her petition date, the contingent interest passes to her bankruptcy trustee and becomes property of her bankruptcy estate. Mendelsohn, 559 B.R. at 331 (citing Booth v. Vaughan (In re Booth), 260 B.R. 281, 290 (B.A.P. 6th Cir. 2001)). The trustee would have the same right as the pre-petition debtor to demand payment when the contingency occurred. On the other hand, a debtor's expectation or hope of receiving something in the future is not a property right and would not become property of the estate. Id. at 331—32 ("[I]f a debtor at the time of filing her petition has a bare expectation and hope of receiving a bonus payment then there is no property right to become property of the estate, even if that hope or expectation is ultimately realized."); cf. JAMES A. WEBSTER, JR., WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 3-2, at 51 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) (defining a future interest in real property pursuant to North Carolina law as "a presently protectable right to a future interest" and "much more [than] a mere expectancy that one might receive the land of another in the future by possible inheritance, gift or other form of transfer"); John V. Orth, *Escheat: Is the State the Last Heir?*, 13 GREEN BAG 2D 73, 76 (2009) ("Notoriously, an heir has no rights in the property while the ancestor lives, only a 'mere expectancy' . . . ."). If the female Debtor had a property interest in the anticipated bonus on her petition date, that property interest belongs to her bankruptcy estate, even if the interest is

contingent; if all the female Debtor had was a hope or expectation
of receiving the anticipated bonus, there was no property right to
pass to the Trustee.

Several courts have previously considered questions about
anticipated bonuses in similar factual situations, so the court is
not writing on a blank slate.  In Vogel, a Chapter 7 trustee sought
turnover of a debtor's year-end bonus paid post-petition by the
debtor's employer.  57 B.R. at 332—33.  The Bankruptcy Court for
the Western District of Virginia reviewed the debtor's Employee
Handbook and a resolution of the employer's board of directors and
determined that the debtor had to remain employed to be eligible
to receive the bonus, that the debtor's job performance had to be
satisfactory to the employer, and that the "award of the bonus
[was] purely discretionary" even though the employer had paid
bonuses for the previous fifty years.  Id. at 333, 335; see Sharp
v. Dery, 253 B.R. 204, 207 (E.D. Mich. 2000) (listing these "three
salient facts" underpinning the Vogel court's decision).  The
Employee Handbook stated that "[t]he bonus is paid at the
discretion of the Company," "the employee must be in the employ of
the Company at the time of payment of the bonus," and "bonus
eligibility does not guarantee anyone a bonus."  Vogel, 57 B.R. at
333 (internal quotation marks omitted).  Vogel analogizes to
insurance commission cases, where the answer to the question of
whether post-petition commissions constituted property of the
estate depended on whether post-petition services were required,

and decides that the debtor's bonus depended on more post-petition
work than the insurance commissions. Id. at 334—35. Vogel
concludes that, at the petition date, the debtor only had the
potential to receive a bonus if the employer decided to distribute
it and could not have sued to compel payment of the bonus. Id. at
336 (citing In re Harter, 10 B.R. 272 (Bankr. N.D. Ind. 1981);
Tenn. Valley Auth. v. Kinzer, 142 F.2d 833 (6th Cir. 1944)). The
Vogel court could not ignore the plain language of the Employee
Handbook, which appeared to have been designed to avoid claims for
the bonus; rejected the trustee's suggestion of apportioning the
bonus pre- and post-petition even though apportionment would
balance the equities; and concluded that the bonus was not property
of the debtor's estate. Id. at 336—37.

    The District Court for the Eastern District of Michigan
reached a similar conclusion in Sharp. In that case, the debtor
filed bankruptcy on December 21, 1998, and the bonus in question
applied to the 1998 calendar year. Sharp, 253 B.R. at 206. The
bonus plan required the debtor to be employed when the employer
issued the bonus with an exception, in the employer's discretion,
for employees who retired, died, or became disabled during the
year. Id. The court noted that a debtor only has to perform an
"exceedingly slight" amount of services for post-petition income
to be excluded from her estate, id. at 208 (citing In re Haynes,
679 F.2d 718, 718—19 (7th Cir. 1982) (holding that a retired
serviceman's post-petition income was not property of his

                                  11

bankruptcy estate because he was required to perform duties if requested by the military even though there was no record of the debtor actually performing any duties)), and held that the "determinative issue" was "whether Debtor had an enforceable right to receive the bonus check when he filed his petition," id. at 207. While the employer may not have had any discretion about the amount of a particular employee's bonus, it had complete discretion to not issue the bonus at all, which was the "dispositive characteristic" for Vogel and Sharp. Id. Sharp says Vogel might be distinguishable if Michigan law gave the debtor a right to the bonus, but Michigan law said the opposite. Id. at 208. The court rejected the trustee's arguments that the bonus was sufficiently rooted in the debtor's pre-petition activities and for apportionment, reversed the bankruptcy court below, and allowed the debtor to retain the bonus. Id. at 208–210.

While Sharp focuses on the discretion of the employer, it also notes the post-petition services that the debtor had to perform in order to be eligible for his bonus. In another case, the Bankruptcy Appellate Panel for the Eighth Circuit found an employer's discretion to be determinative even where a debtor did not have to perform any post-petition services. Klein-Swanson, 488 B.R. at 631, 633. The debtor in Klein-Swanson was eligible for two bonus programs, and her employer had complete discretion over whether to award either bonus. Id. at 631. The bonus programs were for the 2008 calendar year and the debtor filed her case in

2009, but there was no evidence that her employer had decided whether to award the bonuses pre-petition. Id. Even though the Debtor did not need to do anything post-petition to obtain the bonuses, she did not even have a contingent interest in them. Id. at 633. Since the alleged contingency was an exercise of discretion by a third party and Minnesota law provided that there was no contract right to a bonus subject to an employer's discretion, the Debtor "had a contingent interest in nothing" and "nothing more than a hope or expectation that she would receive the payments." Id. at 633—34.

In a similar situation, the Bankruptcy Court for the Eastern District of New York also focused on the difference between a contingent interest and an expectation in Mendelsohn. The employer's bonus plan in Mendelsohn required employees to maintain employment throughout the fiscal year; the employee's performance and "anticipated contributions" and the employer's results "influenced" the bonus; and the bonuses were paid at the discretion of the employer. 559 B.R. at 328 (internal quotation marks omitted). New York law did not give employees an "actionable right" to seek payment of a discretionary bonus, id. (citing Truelove v. Ne. Capital & Advisory, Inc., 738 N.E.2d 770 (N.Y. 2000); Kaplan v. Capital Co. of Am., 747 N.Y.S.2d 504 (N.Y. App. Div. 2002)), and, if the debtor did not have a right, there was no right to pass on to the bankruptcy trustee as property of her estate, id. at 330. The court concluded that contingent rights

that existed on the petition date and ripened post-petition would
constitute property of the estate but "disagree[d] with the notion
that the exercise of discretion by a third party can be equated
with a contingency" and held that the debtor had "no 'right' at
all" and instead had "merely an expectation of payment if her
employer chose to exercise its discretion." Id. at 331. The
employer's discretion was dispositive to the Mendelsohn court, and
the requirements of continued employment and satisfactory job
performance were not. Id. at 332.

In light of the foregoing principles of law and well-reasoned
opinions of other courts considering similar factual situations,
the court has no trouble concluding that the female Debtor's
anticipated bonus is not property of her bankruptcy estate. In
the GPP, the female Debtor's employer explicitly reserves "full
and final discretionary authority to interpret and administer the
Plan as well as determine the amount, if any, and payment of all
incentive bonuses, awards and other compensation pursuant to the
Plan," ¶ 10, and the court is not aware of any relevant law that
would override the GPP and give the female Debtor a property
interest in the anticipated bonus prior to its payment. Like
several of the courts that previously considered this question,
this court believes that the discretion of the employer is the
most important consideration for determining whether an
anticipated bonus is property of the estate. See Klein-Swanson,
488 B.R. at 633; Sharp, 253 B.R. at 207; Mendelsohn, 559 B.R. at

14

331; _Vogel_, 57 B.R. at 335—36.   If an anticipated bonus is truly
dependent on the discretion of a third party, as the female
Debtor's bonus is according to the GPP, then a debtor's interest
is merely a hope or expectation (or "a contingent interest in
nothing") and is not a property interest that a bankruptcy trustee
can administer pursuant to § 541(a).

While the employer's discretion is of paramount concern to
the court, there are other similarities between the female Debtor's
situation and the cases where other courts concluded that
anticipated bonuses were not property of the estate that also
support the court's conclusion.   For example, pursuant to the GPP,
the female Debtor must maintain her employment post-petition and
her post-petition performance must be satisfactory in order for
her to maintain her eligibility for a bonus.   _See_ § 541(a)(6)
(excluding earnings from services performed post-petition from
property of the estate); _Sharp_, 253 B.R. at 207; _Vogel_, 57 B.R. at
335.   _But cf._ _Klein-Swanson_, 488 B.R. at 631, 633 (concluding that
discretionary bonuses were not property of a debtor's estate even
though the debtor had "completed all tasks within her control
toward obtaining an award" pre-petition).   As in _Vogel_, the female
Debtor's employer appears to have designed the bonus program to
avoid vesting any rights to the bonuses in its employees.   _See_
_Vogel_, 57 B.R. at 336.   The bonus plan includes (discretionary)
exceptions for employees who cease employment for certain
specified reasons prior to the end of a fiscal year.   _See_ _Sharp_,

253 B.R. at 206. The female Debtor's employer awarded the bonus
to the female Debtor last year, see Vogel, 57 B.R. at 335 (noting
that the debtor's employer had awarded an annual bonus for the
previous fifty years), and most of the calendar year relevant to
the anticipated bonus had already passed when the female Debtor
filed this case on November 16, 2016, see Klein-Swanson, 488 B.R.
at 631 (bonus for 2008 calendar year in case commenced on January
19, 2009); Sharp, 253 B.R. at 206 (bonus for 1998 calendar year in
case filed on December 21, 1998). The facts surrounding the female
Debtor's anticipated bonus are similar to those of debtors in
previous cases and arguably more favorable to a conclusion that
the anticipated bonus is not property of her estate.

     The Trustee's attempts to persuade the court to ignore the
female Debtor's employer's discretion are unconvincing. For
example, the Trustee asks the court to consider factually
distinguishable cases involving tax refunds, Segal v. Rochelle,
382 U.S. 375 (1966), the modification of a Chapter 11 plan to allow
a debtor-cooperative to surrender patronage certificates,
Universal Coops., Inc. v. FCX, Inc. (In re FCX, Inc.), 853 F.2d
1149 (4th Cir. 1988), and a bonus that a debtor received prior to
filing her bankruptcy case, In re Eutsler, No. 11-31133, 2012 WL
27499 (Bankr. W.D.N.C. Jan. 5, 2012). The relationship between
these cases and the female Debtor's case is too attenuated to
provide much guidance to the court. The most relevant case that
supports the Trustee's position, Daly v. Soboslai (In re Soboslai),

263 B.R. 700 (Bankr. D. Conn. 2001), is also distinguishable.
While the cases that the court finds the most persuasive all
involve employees participating in established bonus programs,
Soboslai deals with a non-equity partner in a law firm who is
compensated in part by a year-end bonus. 263 B.R. at 701. More
importantly, while Soboslai acknowledges that the bonuses are
subject to the discretion of the law firm's board of directors,
id. at 702, it does not address the importance (or the apparent
lack of importance) of the board's discretion at all in the process
of deciding to apportion the debtor's bonus based on his petition
date, id. at 703. Soboslai concludes that the pre-petition portion
of the bonus was earned but unpaid without addressing whether,
given the board's discretion, the debtor had any right to it when
he filed bankruptcy.  Id.

The Trustee's understanding of the cases that the court
believes are most relevant to this matter also differs from the
court's interpretation.  Where the Trustee sees three groups of
cases, Trustee's Brief at 2, the court sees one line of cases
(Klein-Swanson, Sharp, Mendelsohn, and Vogel) and an outlier
(Soboslai) that is factually and analytically distinguishable.
The Trustee's third "group" of cases is Vogel, which, according to
the Trustee, represents a "middle approach" that "rejects the
notion of blindly following the labels assigned to an incentive
program by the employer, and instead looks to see how the employer
is actually administering the program and what post-petition

17

services are actually required by the employee-debtor." Trustee's Brief at 2, 6—7 (citing <u>Vogel</u>, 57 B.R. at 334—36). However, the extent to which <u>Vogel</u> looks to how the employer actually administered the bonus program, as opposed to simply reviewing the Employee Handbook and the resolution, only consists of noting that the employer had awarded the bonuses for the previous fifty years, which did not change the court's conclusion that the debtor did not have a right to the bonus on his petition date. <u>Vogel</u>, 57 B.R. at 335—36. Despite the Trustee's suggestion that the court should conduct a "fact-intensive inquiry," Trustee's Brief at 7, the Trustee did not provide the court with any evidence about how the female Debtor's employer actually administers the bonus program (other than noting that the female Debtor received a $30,000 bonus in 2016) and instead based her argument on the GPP, <u>id.</u> at 7—9.

Similarly, the Trustee appears to misunderstand the application of the "three salient facts" from <u>Vogel</u> to the female Debtor's GPP. According to the Trustee, the first two salient facts (employment at the time the bonus is paid and satisfactory job performance) are "absent" from the GPP and the GPP is "ambiguous" about the third (the employer's discretion). <u>Id.</u> The Trustee supports these conclusions by cherry-picking from the language of the GPP. For example, the Trustee quotes the "will be made" language from a sentence related to the payment of bonuses to certain terminated employees in order to argue that the female

Debtor does not need to maintain her employment in order to receive

a bonus and that the employer does not have the discretion to deny

paying a bonus.   Trustee's Brief at 7, 8.   This argument only

works, however, because the Trustee ignored the conditional

language ("If a Plan participant is eligible . . . .") at the

beginning of the "will be made" sentence[2] and the provision earlier

in the GPP that a terminated employee "may" remain eligible for a

bonus "as determined in the sole discretion" of the employer.[3]   The

Trustee also focuses on the language in the GPP that acknowledges

that the employer will pay bonuses when "required by applicable

---

[2]  GPP ¶ 7 ("If a Plan participant is eligible to receive an award following
termination of employment and prior to the end of the applicable performance
period, then the payment or grant of that award will be made as soon as
administratively practicable following such termination of employment, and in
any event by no later than the date on which the award would otherwise have
been required by applicable law and Plan terms to be paid or granted if the
Plan participant had remained employed.").

[3]  GPP ¶ 2(c) ("Notwithstanding Section 2(b) above, a Plan participant who incurs
a termination of employment before the payment date (or grant date, as
applicable) of an incentive award or similar payment may remain eligible for
consideration for a full or partial award/payment under the Plan, as determined
in the sole discretion of [the female Debtor's employer], if such termination
is due to:

    (i)   death;

    (ii)  "disability", as defined in the [employer's] Long-term Disability
Plan (or other similar plan in which the Plan participant
participates, if any);

    (iii) "retirement", defined as a termination of employment after having
met [the employer's] eligibility requirements for "Rule of 60"
(i.e., having at least ten years of service with combined age and
years of service equal to at least 60), or other applicable rule as
specified in [the employer's] compensation plans and programs for
certain employees that may include Financial Advisors and non-U.S.
based employees; or

    (iv) labor force/workforce reduction, realignment or similar measure, if
the Plan participant incurs a termination of employment on or after
September 1 of the Plan year set forth in Section 1 above, and also
qualifies for benefits under the Corporate Severance Program (or
similar applicable program) as of the relevant payment date (or
grant date, as applicable).").

law"[4] to argue that the employer does not have the discretion to
decide not to award a bonus.  As previously noted, the Trustee
could not identify any applicable law that would require the
employer to award a bonus, so the references to applicable law in
the GPP are irrelevant to the question of whether the employer has
discretion, and other portions of the GPP quoted throughout this
order explicitly give discretion to the employer, so the award of
the anticipated bonus to the female Debtor is unambiguously in the
employer's discretion.

The Trustee's statement that the female Debtor "held a
property interest in the Bonus on the Petition Date contingent
only upon her employer's decision to issue the Bonus," Trustee's
Brief at 1, is correct only if "property interest" is replaced by
"hope or expectation"; undercuts the Trustee's argument that the
employer does not have the discretion to decide not to issue the
anticipated bonus; and neatly summarizes why the anticipated bonus
is not property of the estate.  A property interest that is
contingent on someone else's discretion is the "contingent
interest in nothing" discussed in <u>Klein-Swanson</u>.

---

[4] GPP ¶ 2(b) ("As a rule, based on the pay-for-performance approach adopted by
[the employer], as such approach is described in Section 2(a) above, if before
the payment date (or grant date, as applicable) of an award under the Plan, a
Plan participant (i) incurs a termination of employment (either by [the
employer] or the participant) or (ii) otherwise ceases to be actively employed
by [the employer] (e.g., has given a notice of resignation or has been given a
notice of termination), as determined in the sole discretion of [the employer],
then such participant will no longer participate in the Plan as of the date of
such change in employment status and, therefore, will no longer be eligible to
receive any award under the Plan, unless otherwise required by applicable
law.").

Since the anticipated bonus is not property of the estate, the female Debtor does not need to use an exemption to protect it from the Trustee, and the court does not need to consider the second issue presented by the Objection regarding whether she could. Accordingly, the Objection is hereby **OVERRULED.** In addition, since the Debtors do not need to amend their exemptions in relation to the anticipated bonus, the Debtors' Motion is hereby **DENIED AS MOOT.**

**SO ORDERED.**

This Order has been signed                          United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.